**Dated: March 24, 2025**

**The following is ORDERED:**



Sarah A Hall
United States Bankruptcy Judge

## UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF OKLAHOMA

In re:                                          )
                                                )
SILVER STAR OF NEVADA, INC.,                    )        Case No. 23-10315-SAH
_____ )        (Chapter 11)
                                                )
DAVID R. PAYNE,                                 )
CHAPTER 11 TRUSTEE,                             )
                                                )
                        Plaintiff,              )
vs.                                             )        Adv. No. 25-01005-SAH
                                                )
MICHAEL L. SPARKMAN REVOCABLE )
TRUST U/A/D DECEMBER 20, 2019,                  )
                                                )
                        Defendant.              )

### ORDER GRANTING DEFENDANT'S MOTION TO DISMISS
### AMENDED COMPLAINT WITH BRIEF IN SUPPORT WITH
### NOTICE OF OPPORTUNITY FOR HEARING [DOC. 5]

The following are before the Court:

1. Amended Adversary Complaint [Doc. 4], filed by David R. Payne, as chapter 11 trustee ("Trustee") of Silver Star of Nevada, Inc. ("Silver Star"), on January 21, 2025 (the "Complaint");

2. Defendant's Motion to Dismiss Amended Complaint with Brief in Support with Notice of Opportunity for Hearing [Doc. 5], filed by Michael L. Sparkman, as trustee

of the Michael L. Sparkman Revocable Trust u/a/d December 20, 2019 (the "Trust"), on February 7, 2025 (the "Motion"); and

3. Plaintiff's Response and Objection to Defendant's Motion to Dismiss Amended Complaint [Doc. 6], filed by Trustee on February 21, 2025 (the "Response").

For the reasons set forth below, the Motion is granted.

## <u>Jurisdiction</u>

The Court has jurisdiction to hear the Complaint pursuant to 28 U.S.C. § 1334(b), and venue is proper pursuant to 28 U.S.C. § 1409. Reference to the Court of this matter is proper pursuant to 28 U.S.C. § 157(a), and this is a core proceeding as contemplated by 28 U.S.C. § 157(b)(2)(H), (N), and (O). The determination of whether an interest in property is property of the estate pursuant to 11 U.S.C. § 541[1] is a core proceeding. <u>Samson Resources Co. v. Valero Mktg. & Supply Co.</u>, 449 B.R. 120, 128-29 (D. N.M. 2011).

## <u>Standards for Motion to Dismiss</u>

A plaintiff bears the burden to frame a complaint with enough factual matter to suggest that he or she is entitled to relief. <u>Robbins v. Oklahoma ex rel. Okla. Dep't of Human Serv.</u>, 519 F.3d 1242, 1247 (10th Cir. 2008). To survive a motion to dismiss under Rule 12(b) of the Federal Rules of Civil Procedure, made applicable here pursuant to Rule 7012 of the Federal Rules of Bankruptcy Procedure, "a plaintiff must include in the complaint 'enough facts to state a claim to relief that is plausible on its face.'" <u>Barenburg v. Burton</u> (<u>In re Burton</u>), 2010 WL 3422584, at *2 (10th Cir. 2010) (citing <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007)). This standard requires that factual allegations contained in an adversary complaint be sufficient to raise a right to relief above mere speculation. <u>Twombly</u>, 550 U.S. at 555; <u>see also</u>, <u>Ridge at

---

[1] Unless otherwise indicated, hereafter all references to sections are to the Bankruptcy Code, Title 11 of the United States Code.

Red Hawk, L.L.C. v. Schneider, 493 F.3d 1174, 1177 (10th Cir. 2007) (stating complaint must give the court reason to believe that the plaintiff has a reasonable likelihood of mustering factual support for the claims raised).

Bare legal conclusions and simple recitations of the elements of a cause of action do not satisfy this standard. Twombly, 550 U.S. at 555, 568; Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."). A complaint must allege facts which allow the court to believe that plaintiff has a reasonable likelihood of mustering factual support for the stated claims. Higginbottom v. Mid-Del School District, No. CIV-15-1091-D, 2016 WL 951691, at *2 (W.D. Okla. Mar. 9, 2016) (quoting Ridge at Red Hawk, 493 F.3d at 1177). "That the court accepts them as true, however, does not mean the allegations in a complaint are in fact true; a plaintiff is not required to prove his case at the pleading stage." Higginbottom, 2016 WL 951691, at *2 (citing Glover v. Mabrey, 384 F. App'x 763, 772 (10th Cir. 2010)). "Granting a motion to dismiss is 'a harsh remedy which must be cautiously studied, not only to effectuate the spirit of the liberal rules of pleading but also to protect the interests of justice.'" Higginbottom, 2016 WL 951691, at *2 (quoting Dias v. City & Cnty. of Denver, 567 F.3d 1169, 1178 (10th Cir. 2009) (quoting Duran v. Carris, 238 F.3d 1268, 1270 (10th Cir. 2001) (internal quotation marks omitted))). Thus, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of [the alleged] facts is improbable, and 'that a recovery is very remote and unlikely.'" Sanchez v. Hartley, 810 F.3d 750, 755 (10th Cir. 2016) (quoting Twombly, 550 U.S. at 556 (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974))).

**Statement of Facts**

The Court must accept the "well-pleaded allegations of the [Complaint] as true and view them in the light most favorable" to Plaintiff. Albers v. Bd. of Cnty. Comm'rs, 771 F.3d 697, 700 (10th Cir. 2014). Accordingly, the relevant, non-conclusory facts are:

1.     Trustee is the duly appointed Trustee in this matter, and Trust is a revocable trust.

2.     Prior to bankruptcy, Silver Star was engaged in the oil and gas development and production business.

3.     Michael E. Deeba ("Deeba"), the financial advisor employed by Trustee, has analyzed and traced transactions through Silver Star's books, general ledgers, journal entries and data embedded from/in accounting software and agreed/reconciled amounts from Silver Star income tax returns, depreciation schedules, and county property records for Charles V. Long, Jr. ("Long"). Deeba discovered that Silver Star funds/property were utilized to pay for improvements on the property ("Ranch Property") which Trust in the lawsuit styled The Michael L. Sparkman Revocable Trust u/a/d December 20, 2019 v. Rosewood Energy II, LLC Charles V. Long, Jr., Case No. CJ-2024-114, District Court of Logan County, State of Oklahoma, asserts is subject to its lien.

4.     Deeba has traced Silver Star costs for buildings, furnishings, equipment, and other assets constructed and residing on the Long real property in Logan and Kingfisher counties,[2] per accounting and tax records and discussions with a tax CPA pre- and post-petition.

5.     Deeba also reviewed and traced Silver Star detailed accounting entries in the general ledger fixed asset and real property accounts and reconciled those expenditure balances and transactions to depreciation schedules and tax returns.

---

[2]The Court does not know if this real property is the same as the Ranch Property or a different parcel or subset thereof, as it is not otherwise identified.

6.  Deeba discovered and documented certain Silver Star costs recorded as fixed assets in the form of construction costs for buildings, barns, storage, hanger property, land, fixtures, etc. which were depreciated on the Silver Star income tax returns as assets of Silver Star, hence indicating and confirming ownership of Silver Star.  According to Internal Revenue Service Topic no. 704, a taxpayer can only depreciate property that the taxpayer owns.

7.  The Silver Star asset costs/acquired tax basis located on the Ranch Property totals $1,425,441 ($884,991 + $540,450).

8.  Deeba further traced the purported transfer of the same Silver Star assets/costs in asset accounts through journal entries which were recorded as transfers to Long on March 8, 2023.  These transfers or book entries were recorded as "Due To/From Chuck Long" in the amount of $1,713,448 and attempted to remove such property from the Silver Star books.  To date, Deeba has not found any consideration nor documentation, such as a bill of sale, supporting that an actual transfer of ownership was transacted.

9.  Specifically, the book entry, recorded on March 8, 2023, has no documentary support (e.g. bill of sale, transfer of interest or written corporate approval for an in-kind distribution) and has no economic substance and no legal documentary support.

10.  Trustee and his professionals continue the investigative process and may discover additional transfers/transactions involving Silver Star's property which Trustee claims is property of the Silver Star bankruptcy estate.

11.  Thus, prior to the bankruptcy petition, Silver Star procured and paid for certain land and property improvements and buildings ("Property Assets"), as further detailed above, in Section Thirty (30), Township Sixteen (16) North, Range Four (4) West of Logan County,

Oklahoma.  Specifically, the land improvements were recorded in Silver Star's "Property and Equipment" asset accounts.  Silver Star paid for $1,713,448 of the Property Assets.

12.     During March, April, and May 2020, Silver Star was undercapitalized, unable to pay its obligations in the ordinary course, and was insolvent.  Silver Star had pledged all of its assets to a senior secured lender prior to March 2020.

13.     The same was reported in the Silver Star Monthly Operating Reports Statement Attached to Monthly Operating Report ("MOR") section "Analysis and Notes: Pre-petition transfer of costs for buildings, real estate, and other assets" filed in the above-captioned bankruptcy case, In re Silver Star of Nevada, Inc., Case No. 23-10315.

14.     Silver Star did not borrow, nor did it receive any funds, from Trust.

15.     Silver Star paid Trust $37,500 and did not receive any value in exchange for such payments.  Silver Star was not a maker, obligor or guarantor of any claim to Defendant. A summary of the cash transfers asserted to be fraudulent transfers are as follows:

   a.     March 16, 2020 – $12,500

   b.     April 15, 2020 – $12,500

   c.     May 14, 2020 – $12,500

## CONCLUSIONS OF LAW

The Motion attacks only the first claim for relief in which Trustee seeks judgment "determining that all of the Property Assets described above continued to be property of the estate, and that all monies paid by [] [Silver Star] to [Trust] constituted property of the estate." Complaint, p. 5.  Trust argues the Complaint fails to contain sufficient facts to allow it to respond to the claim under Section 541.  And, while this Court agrees, it also views Trustee's claim under Section 541 as fundamentally improper.  Count I will, therefore, be dismissed.

1.  **TRUSTEE'S CLAIM UNDER SECTION 541 DOES NOT STATE A PLAUSIBLE CLAIM FOR RELIEF**.

Admittedly, complaints need only allege "enough facts to raise a reasonable expectation that discovery will reveal evidence" to support the stated claims.  Matthews v. Bergdorf, 889 F.3d 1136, 1149 (10th Cir. 2018) (first citing Twombly, 550 U.S. at 556; and then citing Ridge at Red Hawk, 493 F.3d at 1177).  As recognized by Trust, the Complaint satisfies this standard with respect to the fraudulent transfer claims raised under Section 544.[3]

With respect to Trustee's claim under Section 541 that the Property Assets are property of the Silver Star bankruptcy estate, the Complaint admittedly contains more background facts than the fraudulent transfer claims.  Nevertheless, the Trust, and for that matter this Court, cannot determine what transfers or book entries form the basis of Trustee's claim that the Property Assets are property of the Silver Star estate[4] or when they occurred, much less identify what Trustee seeks to be declared the Property Assets.  And, this is the case notwithstanding extensive accounting analysis and tracing being undertaken by Trustee's accountant, Deeba.  While the Affidavit attached to the Complaint summarily details Deeba's efforts to locate $1,425,441 in costs recorded as fixed assets on Silver Star's books in the "Ranch Property"[5] and $1,713,448 in journal entries removing property from Silver Star's books to Long (again without identifying what and when), the Complaint in no form or fashion identifies the actual property comprising the Property Assets.

---

[3]The Motion only seeks to dismiss the first claim in the Complaint under Section 541 and not the second claim for relief under Sections 544 and 550.

[4]The Complaint does identify a series of journal entries recorded as transfers to Long on March 8, 2023, in the amount of $1,713,448 but this is the only date provided.

[5]Although less than clear, it appears Trustee asserts the Ranch Property was owned by the principal of Silver Star, Long, who is a debtor in Case No. 23–10316, during the relevant time.

While the Court fully appreciates the definition of the Property Assets may change as discovery proceeds in this adversary proceeding and Deeba is able to continue his forensic investigation, this fact does not eliminate the need to sufficiently identify the relief Trustee seeks and the factual basis therefor to establish the plausibility of the claim. If Trustee wants a declaration the Property Assets are, in fact, property of the Silver Star bankruptcy estate, at a minimum, the Complaint should identify what comprises the Property Assets as currently known. The discussion of Deeba's tracing and investigation activities and identification of amounts does nothing to identify what the Property Assets are and when the transactions giving rise to Trustee's claim to the Property Assets took place – especially to Trust, a non-insider defendant.

For these reasons, the first claim for relief in the Complaint fails to state a claim to declare the Property Assets as assets of the Silver Star bankruptcy estate.

## 2. THE COURT LACKS JURISDICTION TO ENTER A DECLARATORY JUDGMENT AND SECTION 541 DOES NOT CREATE A RIGHT TO RELIEF.

However, Trustee's first claim faces more fundamental problems than set forth in Part 1 above. In this Court's opinion, the claim does not bestow authority on this Court to enter a declaratory judgment that the Property Assets are property of Silver Star's bankruptcy estate for two important reasons: (i) this Court does not have jurisdiction to enter a declaratory judgment; and, (ii) as Section 541 does not create an independent right to relief, Trustee is limited to causes of action belonging to Silver Star at the commencement of the case or to his strong-arm powers under Sections 542, and 544-551.

First, Trustee's request for declaratory judgment is governed by 28 U.S.C. § 2201(a), which provides in pertinent part:

> In a case of actual controversy within its jurisdiction, . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not

further relief is or could be sought.  Any such declaration shall have the force and
effect of a final judgment or decree and shall be reviewable as such.

Title 28 defines the term "court of the United States" to include the "Supreme Court of the

United States, courts of appeals, district courts constituted by chapter 5 of this title, including the

Court of International Trade and any court created by Act of Congress the judges of which are

entitled to hold office during good behavior."  28 U.S.C. § 451.

The Tenth Circuit has previously concluded the definition of "court of the United States"

contained in 28 U.S.C. § 451 applies to the entirety of Title 28.  Revest, LLC v. Long (In re

Long), No. 09-12827, 2011 WL 798821, at *1 (Bankr. D. Kan. Feb. 23, 2011).  The Tenth Circuit

has further found a bankruptcy court is not "a court of the United States."  Long, 2011 WL

798821, at *1 (citing In re Courtesy Inns, Ltd., Inc., 40 F.3d 1084, 1086 (10th Cir. 1994)); see

also Young v. Rogers (In re Young), No. 18-12669-JDL, 2018 WL 4348050, at *3 (Bankr. W.D.

Okla. Sept. 10, 2018) (first citing Courtesy Inns, 40 F.3d at 1086; and then citing Long, 2011 WL

798821).  "[B]ecause [Section 451] is part of Title 28, and because, under controlling Tenth

Circuit precedent, bankruptcy courts do not fit within the definition of [Section 451], this Court

does not have subject matter jurisdiction over a request for declaratory judgment under 28 U.S.C.

§ 2201."  Jacobs v. DLJ Mortgage Capital, Inc. (In re Jacobs), No. 19-12591-J11, 2022 WL

1026048, at *17-18 (Bankr. D. N.M. Apr. 5, 2022) (citing In re Play Membership Golf, Inc.,

576 B.R. 15 (Bankr. D. Colo. 2017)).

Second, even if this Court is "a court of the United States," an additional problem exists

as to the Court's authority to enter a declaratory judgment in this adversary proceeding.  Section

541 does not create an independent right to relief; therefore, Trustee is limited to either his

strong-arm powers of turnover and avoidance, or actions belonging to Silver Star at the

commencement of the case.  Trustee's first claim, however, neither seeks to utilize Trustee's

strong-arm powers nor asserts a claim belonging to Silver Star at the commencement of the case and, therefore, requires dismissal.  The filing of a bankruptcy petition creates an estate; property that is included in the estate is broadly defined in Section 541(a)(1) to include "all legal or equitable interests of the debtor in property as of the commencement of the case.'"  In re Purcell, 573 B.R. 859, 862-63 (Bankr. D. Kan. 2017) (citing 11 U.S.C. § 541(a)(1)); Bailey v. Big Sky Motors, Ltd. (In re Ogden), 314 F.3d 1190, 1197 (10th Cir. 2002).  Whether an asset is property of a bankruptcy estate is determined by examining "the nature of the asset on the date the bankruptcy petition was filed" within the specific confines of Section 541.  In re Jacobs, 662 B.R. 376, 385 (Bankr. N.D. Okla. 2024) (first citing In re Roth, 289 B.R. 161, 165 (Bankr. D. Kan. 2003); then citing Cohen v. Chernushin (In re Chernushin), 911 F.3d 1265, 1269-70 (10th Cir. 2018) ("We have 'emphasize[d] § 541(a)(1) limits estate property to the debtor's interests as of the commencement of the case.'") (quoting Sender v. Buchanan (In re Hedged-Invs. Assocs., Inc.), 84 F.3d 1281, 1285 (10th Cir.1996)); then citing In re Jacobs, 648 B.R. 403, 411 n.34 (Bankr. N.D. Okla. 2023) (citing Case v. Hilgers (In re Hilgers), 371 B.R. 465, 468 (10th Cir. BAP 2007), aff'd, 279 F. App'x 662 (10th Cir. 2008)); and then citing Seafort v. Burden (In re Seafort), 669 F.3d 662, 672 (6th Cir. 2012) ("[W]e think the BAP majority properly read §§ 541(a)(1) and (b) together, as defining 'property of the estate' by what is included and excluded at a fixed point in time—as of commencement of the bankruptcy case.")).  Section 541 "does not give courts discretion to include or exclude property based on equitable considerations."  Jacobs, 662 B.R. at 385 (first citing Law v. Siegel, 571 U.S. 415, 423-24 (2014); and then citing Clabaugh v. Grant (In re Grant), 658 F. App'x 411, 414 (10th Cir. 2016)).

Courts have recognized, while a declaratory relief action may implicate and require application of Section 541, Section 541 merely defines what is property of the bankruptcy estate;

it does not give rise to a right to relief.  Butler v. Candlewood Road Partners, LLC (In re
Raymond), 529 B.R. 455, 470 (Bankr. D. Mass. 2015) (citing Stokes v. Duncan (In re Stokes),
No MT-13-1097, 2013 WL 5313412, at *6 (9th Cir. BAP September 23, 2013) (citing Wilshire
Courtyard v. Cal. Franchise Tax Bd. (In re Wilshire Courtyard), 729 F.3d 1279, 1286–87 (9th Cir.
2013))).  Section 541 "implicates trustee's duties under 11 U.S.C. § 704(a) to collect and reduce
to money property of the estate, but it does not provide, in and of itself, a substantive claim for
relief, absent invocation of the trustee's so-called 'strong arm powers' under 11 U.S.C.
§§ 544-551 or 11 U.S.C. § 542."  Raymond, 529 B.R. at 470.  A trustee cannot seek a declaratory
judgment to declare specific assets to be property of a bankruptcy estate and "bypass the
elements of [avoidance] claims and assert a blanket interest in all assets of a non-debtor based on
a conclusory assertion that all [debtor's] assets are the results of [avoidable] transfers."  Palmer v.
Menser (In re Menser), No. 18-65681-JWC, 2021 WL 5019033, at *11 (Bankr. N.D. Ga. Oct. 28,
2021).

Trustee's claim under Section 541 mentions neither turnover under Section 542 nor any
avoidance powers under Sections 544-551.  Under these circumstances, the causes of action
available to Trustee are limited to those belonging to Silver Star as of the commencement of the
Bankruptcy Case.  See Raymond, 529 B.R. at 470–71, 477-78.  Looking closely at Trustee's first
cause of action in the Complaint, Trustee does not raise a claim belonging to Silver Star as of the
petition date and, more importantly, does not seek a determination that assets owned by Silver
Star on the Petition Date are assets of its estate under Section 541.  See Raymond, 529 B.R. at
470-71.  It appears Trustee is seeking to recover assets owned by a third party, whose identity is
not provided, under Section 541 to be assets of the Silver Star bankruptcy estate.  At a minimum,
the Complaint suggests ownership of the Property Assets is in dispute.  Whether these assets (or

funds therefore) were transferred before the Petition Date or after the Petition Date, the appropriate course of action is for Trustee to use his strong-arm powers under Sections 544, 548, 549, and 550 to recover those assets for the benefit of the estate.  Unless and until the transfers giving rise to and/or, if accurate, transferring the Property Assets are avoided through a successful avoidance action, the Property Assets cannot be considered property of Silver Star's bankruptcy estate.  Notinger v. Migliaccio (In re Fin. Res. Mortg., Inc.), 454 B.R. 6, 15 (Bankr. D. N.H. 2011).  Section 541 does not provide a right to relief, and the Court will not piece together a theory of recovery.  Menser, 2021 WL 5019033, at *11.

The Court will dismiss Count I with prejudice as currently pled.  Dismissal, however, is a harsh remedy, and the courts prefer to rule on the merits of the claim.  Accordingly, Rule 15(a)(3), Fed. R. Civ. P. (applicable pursuant to Rule 7015, Fed. R. Bankr. P.), provides courts should "'freely give leave' to amend pleadings 'when justice so requires.'"  Stewart as Next Friend of Stewart v. Turn Key Health Clinics LLC, No. CIV-23-01046-JD, 2024 WL 4543201, at *5 (W.D. Okla. Oct. 22, 2024).  Trustee may, therefore, seek leave to file an amended complaint setting forth cognizable claims under the appropriate avoidance provisions of the Bankruptcy Code and correcting the defects identified in Part 1 above if he can do so.

## CONCLUSION

For the reasons set forth above, the Motion is GRANTED, and Trustee's first cause of action is DISMISSED.  Trustee is authorized to seek leave to file an amended complaint in accordance with this Order.

IT IS SO ORDERED.

#   #   #